UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HOOD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11 CV 321 RWS |
| | ) | |
| TERRY RUSSELL, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Petitioner Michael Hood seeks a writ of habeas corpus. I referred this matter to United States Magistrate Judge Lewis M. Blanton for a Report and Recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On December 11, 2013, Judge Blanton filed his recommendation that Hood's habeas petition should be denied.

On February 27, 2014, Hood filed objections to the Report and Recommendation [#30]. In his objections, Hood restates arguments he made in support of his habeas petition. I have conducted a de novo review of all matters relevant to the objections. Because I agree with Judge Blanton's thorough analysis, I am overruling Hood's objections and adopting Judge Blanton's Report and Recommendation in its entirety.

Hood objects to Judge Blanton's recommendation that should be denied relief on Grounds 1 and 2 of his petition, which assert that the trial court erred in

1

admitting testimony about statements one of the victims made to her mother, a 911 dispatcher, and a police officer. Hood argues that these statements were inadmissible hearsay and admitted in violation of the Confrontation Clause. The Missouri Court of Appeals rested its denial of relief based on these arguments on state procedural grounds, holding that the claims were not properly preserved for appeal. The Missouri Court of Appeals' rationale was independent of federal law and adequate to support the denial. "It is not the office of a federal habeas court to determine that a state court made a mistake of state law." Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997).

Furthermore, even if Grounds 1 and 2 were not procedurally barred, Hood would not be entitled to habeas relief on the merits. The statements one of the victims made to her mother, a 911 dispatcher, and a police officer were all nontestimonial in nature, and thus not subject to the Confrontation Clause. See Davis v. Washington, 547 U.S. 813, 821 (2006) ("It is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause."). Additionally, as to whether the statements were inadmissible hearsay, it is not within the province of this Court to reexamine determinations of Missouri's rules of evidence. See Estelle v. McGuire, 502 U.S. 62, 67 (1991). Having reviewed the file, I agree that Hood is not entitled to habeas relief on Grounds 1 and 2 of his

petition for the same reasons stated by Judge Blanton in his Report and Recommendation.

Hood also objects to Judge Blanton's recommendation that should be denied relief on Ground 5 of his petition, which asserts that the trial court erred in not granting his motion for judgment of acquittal at the end of all evidence because the evidence was insufficient to support the conviction. "Constitutionally, sufficient evidence supports a conviction if, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Garrison v. Burt, 637 F.3d 849, 854 (8th Cir. 2011). At the underlying criminal trial, the prosecution put forth sufficient evidence to support a conviction on all four counts. Judge Blanton correctly applied the governing law to the facts of Hood's case and correctly concluded that the trial court's denial of Hood's motion for judgment of acquittal was not contrary to, or an unreasonable application of, clearly established federal law.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues

deserve further proceedings.  Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)).  Because Hood has not made such a showing, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation filed on December 11, 2013 [#27] is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that Petitioner Michael Hood's Petition for Writ of Habeas Corpus [#1] is denied.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                                _____
                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE

Dated this 25th day of March, 2014.